| | |
|---|---|
| 1 | Eric J. Hardeman (SBN 253489) |
| 2 | ejhardeman@jonesday.com<br>JONES DAY |
| 3 | 3161 Michelson Drive, Suite 800<br>Telephone: (949) 851-3939 |
| 4 | Facsimile: (949) 553-7539 |
| 5 | Attorneys for Defendant<br>Experian Information Solutions, Inc. |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT EVANS** | Case No.: 10-CV-5422 JFW (MANx) |
| **Plaintiff,** | **ORDER ENTERED PURSUANT TO THE STIPULATION OF THE PARTIES** |
| vs. | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.** | |
| **Defendant.** | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation for Protective Order ("Stipulation"), filed on November 11, 2010, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court except to the extent, as set forth below, that those terms have been modified by the Court's amendment of Paragraphs 2, 5, 6 and 7 and Exhibit A of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or other designation(s) used by parties does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in

1  part, under seal.  Accordingly, reference to this Order or to the parties' designation
2  of any information, document, or thing as "CONFIDENTIAL" or
3  "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or other designation(s) used
4  by parties is wholly insufficient to warrant a filing under seal.

6  There is a strong presumption that the public has a right of access to judicial
7  proceedings and records in civil cases.  In connection with non-dispositive motions,
8  good cause must be shown to support a filing under seal. The parties' mere
9  designation of any information, document, or thing as "CONFIDENTIAL" or
10 "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or other designation(s) used
11 by parties does not — without the submission of competent evidence, in the form of
12 a declaration or declarations, establishing that the material sought to be filed under
13 seal qualifies as confidential, privileged, or otherwise protectable — constitute
14 good cause.

16 Further, if sealing is requested in connection with a dispositive motion or
17 trial, then compelling reasons, as opposed to good cause, for the sealing must be
18 shown, and the relief sought shall be narrowly tailored to serve the specific interest
19 to be protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th
20 Cir. 2010).  For each item or type of information, document, or thing sought to be
21 filed or introduced under seal in connection with a dispositive motion or trial, the
22 party seeking protection must articulate compelling reasons, supported by specific
23 facts and legal justification, for the requested sealing order.  Again, competent
24 evidence supporting the application to file documents under seal must be provided
25 by declaration.

27 Any document that is not confidential, privileged, or otherwise protectible in
28 its entirety will not be filed under seal if the confidential portions can be redacted.

If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE, WITH RESPECT TO FILINGS UNDER SEAL.**

## **TERMS OF PROTECTIVE ORDER**

1.   This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof. Notwithstanding any other provision of this Order, confidential material used at trial will become public absent a separate court order upon written motion and sufficient cause shown.

2.   All parties to this case shall treat as confidential, any information designated by a party as "Confidential" or "Confidential – Attorney's Eyes Only" pursuant to this order, and all transcripts and other materials that reflect or incorporate the confidential information therein.  Specifically, the parties shall proceed as follows:

   a)   Any party or non-party producing or filing the confidential documents in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated,

1  "Confidential" or "Confidential – Attorney's Eyes Only." If documents were produced before the entry of this Order, which documents the producing party believes should be treated as "Confidential" or Confidential – Attorney's Eyes Only," than the producing party may so designate the documents, and all receiving parties will immediately thereupon make said documents as "Confidential" or "Confidential – Attorney's Eyes Only" and treat them as such.

      b)    To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing shall notify designating party of its intention to file such documents, and shall file them with the clerk under seal. A party filing any such designated material under seal must comply with Local Rule 79-5.

      c)    Documents and information including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential – Attorney's Eyes Only" hereunder, shall not be used, directly or indirectly, by any person (including other defendants) for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

      d)    Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior Order after notice, any document, transcript or pleading marked as "Confidential" under this Order, and any information contained in, or derived from any such materials (including, but not limited to, all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any information designated confidential hereunder), may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (i) the Court and its **personnel**; (ii) parties to this litigation; (iii) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (iv)

fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (v) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); **and** (vi) experts and trial consultants, and any employees assigned to assist any such experts.

e) Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior Order after notice, any document, transcript or pleading marked as "Confidential – Attorney's Eyes Only" under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder), may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than requesting party's counsel of record.  The information contained in these materials include highly secretive trade information that may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than (i) the Court and its **personnel**; (ii) parties to this litigation; (iii) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (v) experts and trial consultants, and any employees assigned to assist any such experts.

f) Disclosure of documents designated as "Confidential" or "Confidential – Attorney's Eyes Only" may not be made to anyone other than the parties, their employees, the Court, and the Court's **personnel** unless, prior to disclosure, the intended recipient (a) is advised of the confidential nature of such documents; (b) reads this Protective Order; and (c) agrees in writing (i) not to disseminate or

1  disclose such documents to any person other than those described above in
2  Paragraphs 2(d) and 2(e), and for the purposes specified; (ii) not to make any other
3  use of such documents; (iii) to be bound by the terms of this Protective Order; and
4  (d) signs the attached Declaration of Compliance. To the extent it is reasonably
5  necessary such intended recipient to review documents subject to this order for any
6  party to pursue discovery in this case, and such intended recipient refuses to sign
7  the declaration of compliance, the parties shall first meet and confer pursuant to the
8  provisions of paragraph 6 of this order before disclosing the documents subject to
9  this order to any such intended recipient. If the parties cannot reach an agreement,
10 the party seeking to disclose the documents may then file a motion with the Court
11 to resolve such dispute, subject to the provisions of Local Rule 37.

13     3.     Nothing in this Order shall prevent a party from using at trial, or
14 during depositions, any Documents, information or materials designated
15 "Confidential" or "Confidential – Attorney's Eyes Only." In deposition, all
16 documents or materials designated "Confidential" or "Confidential – Attorney's
17 Eyes Only" may only be shown to persons governed by this Order. To the extent
18 any party demonstrates an appropriate basis to protect the confidentiality of
19 documents designated pursuant to this Order at trial, that party may take appropriate
20 means to protect the confidentiality of such document.

22     4.     This Order has been entered to facilitate discovery and the production
23 of relevant evidence in this action. The parties agree not to offer as evidence with
24 respect to any issue in this action: (a) the entry of the Stipulation for Protective
25 Order; or (b) the designation of, or the failure to designate any information,
26 document, or the like as "Confidential" or "Confidential – Attorney's Eyes Only."
27 //
28

5.      Within sixty (60) days after the final termination of this litigation, all documents, transcripts and other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same or destroyed.  A party electing to destroy such documents shall submit to the designating party's counsel of record within 60 days, a certification under penalty of perjury that all such designated documents have been destroyed and permanently deleted from any computer system.  This paragraph does not apply to documents filed or otherwise submitted to the Court or its **personnel**.

6.      In the event any party believes that any specific material designated as "Confidential" or "Confidential – Attorney's Eyes Only" should not be so designated, it shall give notice to the disclosing party in writing of its intent to challenge the designation of such material.  Such notice shall be served on counsel for the disclosing party, and shall particularly identify the material that the party challenging the designation is not "Confidential" or "Confidential – Attorney's Eyes Only."  The parties shall have fourteen (14) calendar days from receipt of the written notice to meet and confer in an attempt to resolve any dispute over the proper designation of such material, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the parties cannot reach **an** agreement **within** fourteen (14) calendar days after receipt of the written notice of intent to challenge the designation, the party challenging the designation may then file a motion with the Court to resolve such dispute, subject to the provisions of Local Rule 37.  In the event that the party challenging the designation files such a motion, the material in issue shall continue to be treated as Confidential (or Confidential – Attorney's Eyes Only, if so designated) until the Court orders otherwise.

7. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order. **The Party designating any document or material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall bear the burden of persuasion that the challenged designation is appropriate.**

8. The court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**IT IS SO ORDERED.**

Dated:   November 30, 2010

*Margaret A. Nagle*
_____
Margaret A. Nagle
United States Magistrate Judge

**EXHIBIT A**

DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order Entered Pursuant to the Stipulation of the Parties ("Protective Order") entered in this action on _____, 20\_\_.

5. I have carefully read and understand the provisions of this Protective Order.

6. I will comply with all provisions of this Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any information, documents or other materials produced subject to this Protective Order

8. I will use such information, documents or other materials produced subject to this Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Protective Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

//

//

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Protective Order in this Action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ____ day of _____, 20__ at _____.

_____
QUALIFIED PERSON